# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 CR 214-3 | DATE | May 20, 2004 |
| CASE TITLE | *United States of America v. Namroud* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court DENIES Defendant Namroud's Motion to Dismiss the Indictment [17-1]. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 25 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. Blanche M. Manning |
| v. | ) | |
| | ) | 04 CR 0214-3 |
| NADIA NAMROUD, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAY 25 2004

## MEMORANDUM AND ORDER

On February 26, 2004, a federal grand jury returned a one-count indictment alleging that Defendant Nadia Namroud ("Namroud") conspired with Co-Defendants Gloria Namroud, Edward Namroud, and others to submit fraudulent insurance claims, in violation of 18 U.S.C. §§ 1341 and 2. The present matter comes before the Court on Namroud's Motion to Dismiss the Indictment [17-1]. For the reasons set forth below, the Court DENIES this motion.

## BACKGROUND[1]

The indictment alleges that Defendants and co-conspirators devised and participated in a scheme to defraud State Farm Insurance Company ("State Farm") by submitting false automobile accident claims. Defendants were allegedly recruited into this scheme by "chasers" (organizers of the fraudulent scheme). Defendants role in the scheme was to "stage" accidents by intentionally damaging vehicles, filing false police reports for accidents which did not occur, and visiting medical clinics to complain of non-existent injuries. After staging the accident,

---

[1] The facts in the Background section are derived from the Indictment and the parties' submissions and attachments thereto.



Defendants, at the direction of the chasers, went to attorney James L. Kent for assistance in filing a fraudulent claim with State Farm.

Unbeknownst to Defendants and the chasers, attorney Kent was actually an FBI agent, who was operating a sting to arrest persons for filing false insurance claims.[2] As part of this operation, attorney Kent, who is an actual attorney licensed to practice law in Illinois, and another FBI agent opened an office in Chicago called "Chicago Adjusting Company." Unlike a typical attorney, however, Kent only took clients seeking to file fraudulent insurance claims. These clients were referred to Kent from known "chasers," who were introduced to Kent as a corrupt attorney by a cooperating witness. Moreover, Kent did not actually litigate any claims, he simply, with the knowledge of the insurance companies, filed false insurance claims. In a little over a year, the sting uncovered over 100 fraudulently staged accidents and over 350 people, including Defendants, who were involved in this fraudulent scheme.

## ANALYSIS

Namroud has moved to dismiss the Indictment on the grounds of "outrageous government misconduct." According to Namroud, attorney Kent (acting as an FBI agent) "engaged in gross intentional violations of [his] ethical responsibilities [as an attorney] which would deprive the defendants of a fair trial" in violation of "due process clause of the fifth amendment."

Unfortunately for Namroud, the Seventh Circuit has repeatedly declined to recognize "outrageous government conduct" as a defense. United States v. Lopeztegui, 230 F.3d 1000, 1003 (7th Cir. 2000)("we have declined to recognize the doctrine of outrageous government

---

[2] This sting began after insurance companies alerted the FBI to a rash of suspected fraudulent automobile accidents in Chicago.

conduct in a case involving alleged misconduct by law enforcement"); United States v. Boyd, 55 F.3d 239, 241 (7th Cir. 1995) (holding that the "doctrine [of outrageous government conduct] does not exist in this circuit").

Furthermore, even if this Court were to examine the Government's actions in relation to Namroud's right to a fair trial under the due process clause, this Court finds that the Government's actions were perfectly reasonable and did not violate any of Namroud's constitutional guarantees. According to Namroud, the Government made a mockery of the attorney-client relationship by having an FBI agent pose as a corrupt attorney. In doing so, attorney Kent violated numerous rules of professional conduct, including his duty to keep attorney-client confidences and his duty of loyalty to his clients.

The problem with the above contentions is that Namroud did not come to attorney Kent seeking legitimate legal advice about the past commission of a crime. Instead, Namroud, thinking that Kent was a corrupt attorney, sought his assistance in committing a future crime – insurance fraud. Therefore, Namroud cannot now use the protections of the attorney-client relationship as a defense to her criminal conduct. See, e.g., United States v. Zolin, 491 U.S. 554, 562-63 (1989) ("the attorney-client privilege . . . . does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime"); Clark v. United States, 289 U.S. 1, 15 (1933) ("A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law").

Accordingly, this Court DENIES Namroud's Motion to Dismiss the Indictment.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Namroud's Motion to Dismiss the Indictment [17-1]. It is so ordered.

ENTER:

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 5-20-04